Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2009 FEB 17 AM 8: 37

CLERK OF COURT
BY:_____

IN THE SUPERIOR COURT OF GUAM

GK² INC.,

                    Plaintiff,

vs.

DOORI CORPORATION,

                    Defendant.

) CIVIL CASE NO. CV0164-07
)
)
)
)
) DECISION AND ORDER
)
)
)
)
)
)

This matter came before the Honorable Alberto C. Lamorena III on July 11, 2008 on Plaintiff's Motion for Order Compelling Response to Request to Produce and for Sanctions and Motion for Summary Judgment . No appearance was made on behalf of Defendant. Appearing on behalf of Plaintiff was Attorney Ladd Bauman. After reading the parties' briefs and hearing from Plaintiff's counsel, the Court took the matter under advisement. The Court now issues its Decision and Order.

## FACTUAL HISTORY

On February 6, 2007, Plaintiff filed a Complaint alleging a failure to pay the balance on a promissory note. Defendant filed an Answer and Counterclaim, alleging Plaintiff never completed the services due to Defendant agreed upon under a construction contract which was related to the promissory note, but not mentioned in the language of the note. During discovery, Plaintiff attempted to take the deposition of the Defendant, which was rescheduled twice due to the Defendant's inability to attend. Defendant failed to attend the final attempt at the deposition on March 17, 2008. On April 2, 2008, Plaintiff filed a Motion for Order Compelling Response to Request to Produce and for Sanctions. Defendant filed its Response on May 23, 2008. On May 19, 2008, Plaintiff filed a Motion for Summary Judgment. Defendant did not file a Response. The Court now addresses Plaintiff's Motion for Summary Judgment and Motion for Order Compelling Response to Request to Produce and for Sanctions.

1

# DISCUSSION

## I.  Request for Summary Judgment

Plaintiff moves for summary judgment pursuant to Rule 56. Guam R. Civ. P. 56. Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* A genuine issue exists when there is sufficient evidence establishing a factual dispute requiring resolution by a fact-finder. *Iizuka Corp. v. Kawasho Int'l [Guam], Inc.*, 1997 Guam 10, at ¶ 7; *T.W. Elect. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987). The factual dispute must concern a material fact. *Id.* Whether a fact is material is determined by the governing substantive law; if the fact may affect the outcome, it is material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Edwards Corp. v. Kawasho Int'l [Guam], Inc.*, 2000 Guam 27, at ¶ 7.

Inferences must be drawn, and evidence must be viewed in the light most favorable to the nonmoving party, and the moving party carries the burden of showing the court those portions of the relevant documents which it believes demonstrate the absence of an issue of material fact. *Edwards Corp. v. Kawasho Int'l [Guam], Inc.*, 2000 Guam 27, at ¶ 7. The moving party is not required to negate each element of the non-moving party's case. Rather, the moving party satisfies and discharges its burden by establishing the absence of evidence to support the non-moving party's case. *Kim v. Hong*, CVA97-007, page 3 (1997).

If a lack of evidence is established by the moving party, the non-moving party must present specific facts showing there is a genuine issue for trial. The nonmoving party may not merely rely on conclusory allegations contained in the pleadings, but must present some significant probative evidence tending to support his assertion. *Id.* If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, for which the party will bear the burden of proof at trial, then Rule 56(c) requires entry of

summary judgment against the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

In this matter, Plaintiff has established the existence of a promissory note, partially paid, under which Defendant owes Plaintiff $52,925.00 plus interest. There is no evidence presented by Defendant, other than allegations contained in the pleadings which are unsupported by any further affidavits, declarations or evidence, to controvert the obligations established by Plaintiff. The note complies with the requirements of 13 G.C.A. Division 3 with regards to the validity of the negotiable instrument. It is an unconditional note. Thus, the unsupported assertions of Defendant's counterclaim, even if they were valid, are better suited in a separate action under the original contract, and have no bearing on its debt in this matter.

**II.     Motion for Order Compelling Response to Request to Produce and for Sanctions**

As the Court agrees with Plaintiff's contentions in its Motion for Summary Judgment, and the promissory note provides for Defendant to pay all attorney's fees associated with recovery under the promissory note, it is not necessary to sanction Defendant, as all costs and fees incurred by Plaintiff are recoverable under the language of the note.

**CONCLUSION**

Based on the above, Plaintiff's Motion for Summary Judgment is hereby GRANTED, Defendant's Counterclaim is DISMISSED without prejudice, and Plaintiff's Motion for Order Compelling Response to Request to Produce and for Sanctions is MOOT.

FEB 1 6 2009

**IT IS SO ORDERED** this _____ day of February, 2009.

FFB 1 7 2009

**Alberto C. Lamorena III**
Presiding Judge
Superior Court of Guam

3